## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PHILIP HALPERT, derivatively on behalf of ASIAINFO-LINKAGE, INC, | ) ) ) |
| Plaintiff, | ) ) Civil Action No. ) |
| vs. | ) ) |
| STEVE ZHANG, JIAN DING, LIBIN SUN, SEAN SHAO, YUNGANG LU, DAVIN A. MACKENZIE, THOMAS J. MANNING, SUNING TIAN, XIWEI HUANG, and GUOXIANG LIU, | ) ) ) ) ) **JURY TRIAL DEMANDED** ) |
| Defendants, | ) ) |
| -and- | ) ) |
| ASIAINFO-LINKAGE, INC., a Delaware Corporation, | ) ) ) |
| Nominal Defendant. | ) ) ) |

## VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT

Plaintiff Philip Halpert ("Plaintiff") alleges, upon information and belief based upon, *inter alia*, the investigation made by and through his attorneys, except as to those allegations that pertain to the Plaintiff himself, which are alleged upon knowledge, as follows:

1.      Plaintiff asserts this action for breach of fiduciary duties and waste of corporate assets derivatively on behalf of AsiaInfo-Linkage, Inc. ("AsiaInfo" or the "Company") against the Company's Board of Directors (the "Board") for exceeding its authority under the Company's shareholder-approved 2011 Stock Incentive Plan (the "Incentive Plan") by granting

certain named executive officers stock options in excess of the amount authorized under the Incentive Plan.

2.      On December 6, 2011, the Board granted 750,000 stock options to the Company's President and Chief Executive Officer, Steve Zhang ("Zhang"), and 110,000 stock options to the Company's Executive Vice President, Guoxiang Liu ("Liu").

3.      As described in more detail below, the Incentive Plan limits the performance-based equity awards that may be granted to any individual participant to 100,000 shares per fiscal year. The stock option grants to Zhang and Liu exceeded the express limitations of the shareholder-approved Incentive Plan.

4.      As a result of the above misconduct, the Company and its shareholders have been harmed.

5.      The excess stock options granted to Zhang and Liu are *ultra vires* and should be rescinded.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) in that Plaintiff and Defendants are citizens of different states and/or foreign states and the matter in controversy exceeds $75,000.00, exclusive of interests and costs.  Plaintiff is a citizen of New York and no defendant is a citizen of New York.

7.      This action is not a collusive one to confer jurisdiction on a court of the United States which it would not otherwise have.

8.      Venue is proper in this district because nominal defendant AsiaInfo is incorporated in this district.

## THE PARTIES

9.     Plaintiff is a shareholder of AsiaInfo and has been a shareholder of AsiaInfo continuously since November 2011.  Plaintiff is a resident of the state of New York.

10.     Nominal party AsiaInfo is a Delaware corporation with its principal place of business at 4/F Zhongdian Information Tower, 6 Zhongguancun South Street, Haidian, Beijing F4 100086. AsiaInfo is a provider of high-quality software solutions and IT services in China's telecommunications industry.

11.     Defendant Zhang has been the Company's President, Chief Executive Officer, and a director since May 2005. Zhang is a resident of China.

12.     Defendant Jian Ding ("Ding") has been a director of the Company since its inception in 1993.  He served as Chairman of the Board from April 2003 to July 2010, and has served as Co-Chairman of the Board since July 2010.  Ding was a member of the Board's Compensation Committee which granted the stock option grants challenged herein. Ding is a resident of China.

13.     Defendant Libun Sun ("Sun") has served as the Company's Executive Co-Chairman and a director since July 2010.  Sun is a resident of China.

14.     Defendant Davin A. Mackenzie ("Mackenzie") has served as a director of the Company since August 2004. Mackenzie was a member of the Compensation Committee which granted the stock options grants challenged herein.  Mackenzie is a resident of China.

15.     Defendant Suning Tian ("Tian") has served as a director of the Company since its inception in 1993. Tian was a member of the Compensation Committee which granted the stock option grants challenged herein. Tian is a resident of China.

16.     Defendant Sean Shao ("Shao") has served as a director of the Company since July 2010. Shao was Chairman of the Compensation Committee which granted the stock option grants challenged herein. Shao is a resident of China.

17.     Defendant Thomas J. Manning ("Manning") has served as a director of the Company since October 2005.  Manning is a resident of China.

18.     Defendant Xiwei Huang ("Huang") has served as a director of the Company since July 2010.  Huang is a resident of China.

19.     Defendant Yungang Lu ("Lu") has served as a director of the Company since July 2004.  Lu is a resident of China.

20.     Defendant Liu has served as the Company's Executive Vice President since July 2010. Liu is a resident of China.

21.     Defendants listed in ¶¶ 11-19 are hereinafter collectively referred to as the "Director Defendants" or "the Board." Defendants Ding, Mackenzie, Tian, and Shao are hereinafter collectively referred to as the "Compensation Committee." Defendants Zhang and Liu are hereinafter collectively referred to as the "Officer Defendants."

## FURTHER SUBSTANTIVE ALLEGATIONS

### *The Incentive Plan*

22.     On February 19, 2011, the Board adopted the Incentive Plan, which authorizes the Company to grant restricted stock awards, stock options, and other types of equity awards to the Company's executive officers, directors, and other employees. The Incentive Plan states that these awards are intended to "enhance the long-term stockholder value of the Company by offering opportunities to employees, directors, officers, consultants, advisors and independent contractors of the Company . . .  to participate in the Company's growth and success, and to

encourage them to remain in the service of the Company. . . ." AsiaInfo's shareholders approved the Incentive Plan at the Company's 2011 annual meeting on April 21, 2011 (the "2011 Annual Meeting").

### The December 2011 Awards

23.     As described in the Company's Schedule 14A Proxy Statement filed with the Securities and Exchange Commission on February 28, 2012 (the "2012 Proxy"), the Compensation Committee is "responsible for establishing, implementing and monitoring the compensation of [the Company's] named executive officers."   The Incentive Plan is administered by the Compensation Committee.

24.     On December 6, 2011, the Compensation Committee granted 750,000 stock options to Zhang and 110,000 stock options to Liu. As stated in the 2012 Proxy, these stock option grants were granted "under [the Company's] 2011 Incentive Plan."

25.     As described in detail below, the grant of the stock options to Zhang and Liu violated the terms of the Incentive Plan.

### The Incentive Plan's 100,000 Award Limit

26.     The Incentive Plan provides in clear, unambiguous terms, that no individual may be granted awards intended to qualify as "Performance-Based Compensation," as defined in the Incentive Plan, for more than 100,000 shares (or 200,000 shares for newly hired or newly promoted individuals) within any one fiscal year. Specifically, section 4.2 of the Incentive Plan states:

> 4.2 Section 162 (m) Limitations. Subject to adjustment from time to time as provided in Section 14.1, no individual may be granted within any one fiscal year of the Company one or more Awards intended to qualify as Performance-Based Compensation which in the aggregate are for more than (a) 100,000 shares of Common Stock, except that the Company may make additional one-time grants of Awards for up to 200,000 shares of Common Stock to newly hired or newly

promoted individuals, or (b) $6,000,000 in the case of Performance Share Awards or Performance Unit Awards denominated in monetary values.

27.     The Incentive Plan defines "Performance-Based Compensation" as an award that satisfies the requirements of Section 162(m) of the Internal Revenue Code ("IRC"), a section that sets forth conditions that must be met in order for certain performance-based compensation paid to the Company's named executive officers (other than the chief financial officer) to be tax deductible.  Specifically, Section 2.25 of the Incentive Plan states:

> 2.25 "***Performance-Based Compensation***" means compensation under an Award that satisfies the requirements of Section 162(m) of the Code for certain performance-based compensation paid to any employee who is or may reasonably be expected to become a "covered employee" as defined in Section 162(m) of the Code, or any successor statute, and who is designated, either as an individual employee or a member of a class of employees, by the Plan Administrator no later than the earlier of (i) the date that is ninety (90) days after the beginning of the applicable performance period, or (ii) the date on which twenty-five percent (25%) of the applicable performance period has elapsed, as a covered employee under this Plan for such applicable performance period.

28.     As described in the 2012 Proxy, the December 2011 stock option grants to Zhang and Liu were intended to qualify as tax deductible "Performance-Based Compensation" as defined in the Incentive Plan. Specifically, the 2012 Proxy states:

> Section 162(m) of the IRC generally disallows a tax deduction to public companies for compensation in excess of $1 million paid to a company's chief executive officer, chief financial officer or any of the three most highly compensated executive officers. Certain performance-based compensation, however, is exempt from the deduction limit. Our Compensation Committee has considered the potential impact of Section 162(m) of the IRC on the compensation paid to our executive officers. It is our Compensation Committee's intention that, so long as it is consistent with its overall compensation objectives and philosophy, executive compensation will be deductible for U.S. federal income tax purposes. **Awards issued under our stock incentive plans (including stock options, RSUs and PSUs) have been structured so that any taxable compensation derived pursuant to the exercise of options granted under such plans should not be subject to these deductibility limitations.**

[Emphasis Added.]

29.     Accordingly, the December 2011 stock option grants to Zhang and Liu were intended to qualify as "Performance-Based Compensation" and thus were subject to the Incentive Plan's 100,000 per year limit.

30.     By granting Zhang 750,000 stock options and Liu 110,000 stock options, the Board exceeded its authority under the Incentive Plan.

31.     Consequently, 650,000 of the stock options awarded to Zhang and 10,000 of the stock options awarded to Liu in 2011 were in excess of the 100,000 limit and therefore *ultra vires* and should be rescinded.

32.     As a result of the misconduct described above, the Company and its shareholders have been harmed.

## DEMAND FUTILITY ALLEGATIONS

33.     Plaintiff brings this action derivatively on behalf of AsiaInfo to redress injuries suffered, and yet to be suffered, by the Company as a direct and proximate result of Defendants' misconduct.

34.     Plaintiff has owned AsiaInfo stock continuously during the time of the wrongful course of conduct alleged herein to the present.

35.     Plaintiff will adequately and fairly represent the interests of AsiaInfo in enforcing and prosecuting its rights and has retained counsel competent and experienced in shareholder derivative litigation.

36.     At the time of this filing the Board consists of the following nine (9) directors: Zhang, Ding, Sun, Shao, Lu, Mackenzie, Manning, Tian and Huang.  Each member of the Board has been named as a defendant in this Action.

37.     Plaintiff did not make a demand on the Board prior to instituting this Action. A pre-suit demand upon the Board is futile for several reasons.

38.     The decision to grant Zhang 750,000 stock options and Liu 110,000 stock options was unauthorized under the Incentive Plan, which expressly limits the number of performance-based awards that could be granted to one individual in a fiscal year to 100,000. The Board (by granting, authorizing and/or by abdication of duty permitting the stock option grants) violated an express, unambiguous provision of the shareholder-approved Incentive Plan. Thus, the facts raise doubt that the Board's actions resulted from a valid exercise of business judgment. Accordingly, demand is excused.

39.     Mackenzie, Tian, Shao, and Ding were members of the Compensation Committee which made the stock options awards challenged herein. In addition, as described in the 2012 Proxy, director Sun, as Executive Co-Chairman of the Board, participated in the "discussions and decisions" regarding "salaries and incentive compensation" for Zhang and AsiaInfo's other executive officers during the 2011 fiscal year. The Compensation Committee's and Sun's actions, in granting the December 2011 stock options grants in violation of the terms of the Incentive Plan, could not have been a good faith exercise of business judgment. In addition, as a result of their actions, Defendants Mackenzie, Tian, Shao, Ding, and Sun face a substantial likelihood of liability and therefore are incapable of objectively considering a demand here. Accordingly, demand as to Mackenzie, Tian, Shao, Ding, and Sun is excused.

40.     In addition, Defendant Zhang is incapable of considering a demand in this Action because he is neither disinterested nor independent. Zhang received the stock options challenged herein, and thus has a strong financial incentive to maintain the status quo by not authorizing any corrective action because it could force him to disgorge the improperly obtained awards. This

creates an unacceptable conflict that restricts him from evaluating this action independently. Indeed, the 2012 Proxy concedes that Zhang does not qualify as an "independent" director within the meaning of the NASDAQ listing standards.

41.     Defendant Sun is incapable of considering a demand in this Action because he is not independent.   Sun founded and served as the Chairman of the Board of Linkage Technologies International Holdings Limited ("Linkage"), a telecommunications software company in China, where he also served as its Chief Executive Officer from January 2009 to July 2010 and its President from 1997 to January 2007.  Sun became Executive Co-Chairman of AsiaInfo in July 2010 after its combination with Linkage.  In addition to receiving compensation for his role as an executive of the Company, Sun also has a substantial business relationship with the Company. As stated in the 2012 Proxy, the Company (through its subsidiaries) entered into lease agreements with entities controlled by Sun pursuant to which the Company leased vehicles and office buildings from such entities in 2011 for an aggregate amount of $309,000. Accordingly, because of his dependence on the Company for his employment and continued compensation, he is beholden to the Company and lacks sufficient independence with which to render a disinterested decision on whether to pursue the derivative claims.  Indeed, the 2012 Proxy Statement asserts that Sun does not qualify as an "independent" director within the meaning of the NASDAQ listing standards.

42.     In addition, as stated in the 2012 Proxy, the Board has determined that directors Manning and Huang are also not "independent."  Accordingly, demand as to Manning and Huang is excused.

<u>COUNT I</u>
**Breach of Fiduciary Duty**
**(Against Defendants)**

43.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

44.     As officers and/or directors of the Company, each of the Defendants owed the Company and its shareholders the fiduciary obligations of loyalty, candor, good faith, and due care.

45.     In authorizing, approving, and/or by abdication of duty permitting stock options awards in violation of the terms of the Incentive Plan, the Director Defendants exceeded their authority under the Incentive Plan and did not act in good faith toward the Company, and thus breached their fiduciary duties under Delaware law.

46.     These actions were not a good faith exercise of prudent business judgment to protect and promote the Company's corporate interests, but rather lined the pockets of Zhang and Liu at the expense of and to the detriment of the Company.

47.     Given their roles and high-level involvement in the affairs of the Company, including Zhang's service on the Board, the Officer Defendants knew, or absent recklessness, should have known, that the challenged stock options grants discussed herein violated the Incentive Plan. Each of the Officer Defendants was surely aware of all matters affecting their total compensation, including the size of the stock options awards granted to them in December 2011.  The Officer Defendants nonetheless accepted the stock options grants for their own personal benefit to the detriment and expense of the Company.  Accordingly, the Officer Defendants breached their fiduciary duty of loyalty and good faith.

48.     As a result of the Defendants' actions, the Company has been and will be damaged.

49.     Plaintiff and the Company have no adequate remedy at law.

**COUNT II**
**Waste of Corporate Assets**
**(Against the Director Defendants)**

50.     Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

51.     The Director Defendants have caused the Company to waste valuable corporate assets by granting the Officer Defendants awards in excess of what was authorized under the Incentive Plan.

52.     By granting the Officer Defendants the stock options awards, the Director Defendants granted the Officer Defendants awards that no director of ordinary sound business judgment would award, so as to constitute waste.

53.     As a result of this waste of corporate assets, the Director Defendants are liable to the Company.

54.     Plaintiff and the Company have no adequate remedy at law.

**COUNT III**
**Unjust Enrichment**
**(Against the Officer Defendants)**

55.     Plaintiff repeats and realleges each and every allegation set forth above as if set forth fully herein.

56.     The Officer Defendants received unauthorized personal financial benefits as a result of the 2011 stock option awards.

57.    It would be unconscionable and against fundamental principles of justice, equity, and good conscience for the Officer Defendants to retain the benefits of the stock option awards that were granted in express violation of the Incentive Plan.

58.    The Officer Defendants have been unjustly enriched at the expense and to the detriment of the Company.

59.    Accordingly, this Court should order the Officer Defendants to disgorge the shares awarded in excess of the 100,000 fiscal year limit in the Incentive Plan.

60.    Plaintiff and the Company have no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment as follows:

A.    A declaration that the stock options awards granted to Zhang and Liu in 2011 in excess of the 100,000 per year limit were *ultra vires* and not authorized by the Incentive Plan;

A.    Rescinding the excess stock options awarded to Zhang and Liu;

B.    Against all Defendants and in favor of the Company for the amount of damages sustained by the Company as a result of Defendants' breaches of fiduciary duties, waste of corporate assets, and violation of the Incentive Plan, plus pre-judgment and post-judgment interest;

C.    Equitable and/or injunctive relief as necessary or permitted by law and equity, including disgorgement, attachment, impoundment, and/or imposition of a constructive trust on or otherwise restricting the disposition/exercise of the challenged stock options grants discussed herein;

D.    Directing AsiaInfo to take all necessary actions to reform and improve its corporate governance and internal procedures to comply with applicable laws and policies and to

protect the Company and its shareholders from a recurrence of the damaging events described herein;

E.     Awarding Plaintiff the costs and disbursements of this action, including reasonable allowance of fees and costs for Plaintiff's attorneys, experts, and accountants; and

F.     Granting Plaintiff such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

DATED:   October 17, 2012                    FARNAN LLP

/s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
919 N. Market Street, 12th Floor
Wilmington, Delaware 19801
Tel: (302) 777-0300
Fax: (302) 777-0301
bfarnan@farnanlaw.com

*Of Counsel*:

LEVI & KORSINSKY, LLP
Eduard Korsinsky
Steven J. Purcell
30 Broad Street, 24th Floor
New York, New York 10004
Tel: (212) 363-7500
Fax: (212) 363-7171

*Attorneys for Plaintiff*