## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PHILIP HALPERT, derivatively on behalf of ASIAINFO-LINKAGE, INC., | )<br>)<br>) |
| Plaintiff, | ) Civil Action No. 12-cv-01339 -SLR |
| vs. | )<br>) |
| STEVE ZHANG, JIAN DING, LIBIN SUN, SEAN SHAO, YUNGANG LU, DAVIN A. MACKENZIE, THOMAS J. MANNING, SUNING TIAN, XIWEI HUANG, and GUOXIANG LIU, | )<br>)<br>)<br>) **JURY TRIAL DEMANDED**<br>)<br>) |
| Defendants, | )<br>) |
| -and- | )<br>) |
| ASIAINFO-LINKAGE, INC., a Delaware Corporation, | )<br>)<br>) |
| Nominal Defendant. | ) |

### DEFENDANTS JIAN DING, XIWEI HUANG, YUNGANG LU, DAVIN A. MACKENZIE, THOMAS J. MANNING, SEAN SHAO, LIBIN SUN, AND SUNING TIAN'S AMENDED ANSWER TO VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT

Defendants Jian Ding, Xiwei Huang, Yungang Lu, Davin A. Mackenzie, Thomas J. Manning, Sean Shao, Libin Sun, and Suning Tian (collectively, the "Defendants"), by and through their undersigned counsel, hereby submit their Amended Answer to the Verified Shareholder Derivative Complaint filed on October 17, 2012 (the "Complaint"), as follows:

### Answer to Introductory Paragraph

Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the averments in the first un-numbered paragraph of the Complaint concerning Plaintiff's information and belief or investigation made by and through Plaintiff's attorneys, and on that basis deny such averments.

1. Defendants admit only that Plaintiff purports to bring an action for breach of fiduciary duties and waste of corporate assets derivatively on behalf of AsiaInfo-Linkage, Inc. ("AsiaInfo" or the "Company") against the Company's Board of Directors. The Defendants otherwise deny the allegations of Paragraph 1.

2. Defendants admit only that Mr. Zhang received 750,000 stock options and Mr. Liu received 110,000 stock options. Defendants deny the remaining allegations of Paragraph 2.

3. Defendants admit only that the first sentence of Paragraph 3 purports to summarize and describe terms of the Company's 2011 Incentive Plan (the "Incentive Plan"), but deny that the descriptions are complete or accurate. Further answering, the allegations in the second sentence of Paragraph 3 are denied.

4. Defendants deny the allegations of Paragraph 4.

5. Defendants deny the allegations of Paragraph 5.

## JURISDICTION AND VENUE

6. The allegations of Paragraph 6 state a legal conclusion to which no answer is required; to the extent an answer is required, Defendants admit the Court has jurisdiction over this action. Defendants admit that no defendant is a citizen of New York. Defendants further lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 6, and therefore deny the allegations.

7. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 7, and therefore deny the allegations of Paragraph 7.

8. The allegations of Paragraph 8 state a legal conclusion to which no answer is required; to the extent an answer is required, Defendants admit that venue is proper in the District of Delaware.

**THE PARTIES**

9. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 9, and therefore deny the allegations of Paragraph 9.

10. Defendants admit the allegations of Paragraph 10.

11. Defendants admit the allegations of Paragraph 11.

12. Defendants admit the allegations of Paragraph 12.

13. Defendants admit the allegations of Paragraph 13.

14. Defendants admit the allegations of Paragraph 14.

15. Defendants admit the allegations of Paragraph 15.

16. Defendants admit the allegations of Paragraph 16.

17. Defendants admit the allegation that Defendant Manning has served as a director of the Company since October 2005. Defendants otherwise deny the remaining allegations of Paragraph 17.

18. Defendants admit the allegations of Paragraph 18.

19. Defendants admit the allegation that Defendant Yungang Lu has served as a director of the Company since July 2004. Defendants otherwise deny the remaining allegations of Paragraph 19.

20. Defendants admit the allegations of Paragraph 20.

21. Defendants admit that Plaintiff refers to Defendants listed in Paragraphs 11–19 collectively as the "Director Defendants" or "the Board." Defendants further admit that Plaintiff refers to Defendants Ding, Mackenzie, Tian, and Shao collectively as the "Compensation Committee" and that Plaintiff refers to Messrs. Zhang and Liu as the "Officer Defendants."

## FURTHER SUBSTANTIVE ALLEGATIONS

*The Incentive Plan*

22.     Defendants admit that the Board adopted the Incentive Plan on February 19, 2011 and that the Company's shareholders approved the Incentive Plan at the Company's 2011 annual meeting on April 21, 2011.  Defendants further admit only that the allegations in Paragraph 22 selectively quote from or purport to summarize terms of the Incentive Plan, which speak for themselves, but deny any allegations inconsistent with the entirety of the Incentive Plan.

*The December 2011 Awards*

23.     Defendants admit only that the first sentence of Paragraph 23 selectively quotes from a portion of the Company's Schedule 14A Proxy Statement, filed on February 28, 2012 (the "2012 Proxy"), which speaks for itself, but deny any allegations inconsistent with the 2012 Proxy.  Defendants admit that the Incentive Plan is administered by the Compensation Committee.

24.     Defendants admit the allegation that on December 6, 2011, the Compensation Committee granted 750,000 stock options to Mr. Zhang and 110,000 stock options to Mr. Liu.  Defendants further admit only that Paragraph 24 selectively quotes from a portion of the 2012 Proxy, which speaks for itself, but deny any allegations inconsistent with the 2012 Proxy.

25.     Defendants deny the allegations of Paragraph 25.

*The Incentive Plan's 100,000 Award Limit*

26.     Defendants admit only that the allegations of Paragraph 26 selectively quote from and purport to summarize terms of the Incentive Plan, which speak for themselves, but deny any allegations inconsistent with the entirety of the Incentive Plan.  Defendants otherwise deny the allegations of Paragraph 26.

27. Defendants admit only that the allegations of Paragraph 27 selectively quote from and purport to summarize terms of the Incentive Plan, which speak for themselves, but deny any allegations inconsistent with the entirety of the Incentive Plan.

28. Defendants admit only that the allegations of Paragraph 28 selectively quote from and purport to summarize a portion of the 2012 Proxy, which speaks for itself, but deny any allegations inconsistent with the entirety of the 2012 Proxy and deny that Plaintiff has accurately summarized the 2012 Proxy. To the extent that Plaintiff's allegations state a legal conclusion, no answer is required; to the extent an answer is required, the allegations of Paragraph 28 are denied.

29. Defendants deny the allegations of Paragraph 29.

30. Defendants deny the allegations of Paragraph 30.

31. Defendants deny the allegations of Paragraph 31.

32. Defendants deny the allegations of Paragraph 32.

## DEMAND FUTILITY ALLEGATIONS

33. Defendants admit only that Plaintiff purports to bring this action derivatively on behalf of the Company. Defendants otherwise deny the allegations of Paragraph 33.

34. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations of Paragraph 34 and therefore deny the allegations.

35. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations of Paragraph 35 and therefore deny the allegations.

36. Defendants admit the allegations of Paragraph 36.

37. Defendants admit only that Plaintiff has not made any demand on AsiaInfo's Board of Directors. Defendants otherwise deny the remaining allegations of Paragraph 37.

38. Defendants deny the allegations of Paragraph 38.

39. Defendants admit that Defendants Mackenzie, Tian, Shao, and Ding were members of the Compensation Committee that made the stock options awards challenged in the Complaint. Defendants further admit only that the second sentence of Paragraph 39 selectively quotes from and purports to summarize a portion of the 2012 Proxy, which speaks for itself, and deny any allegations inconsistent with the 2012 Proxy. Defendants deny the remaining allegations of Paragraph 39.

40. The first sentence of Paragraph 40 states a legal conclusion to which no answer is required; to the extent an answer is required, Defendants deny the allegations. Defendants admit that Mr. Zhang received certain of the stock options challenged in the Complaint. Defendants further admit that the last sentence of Paragraph 40 selectively quotes from and purports to summarize a portion of the 2012 Proxy, which speaks for itself, but deny any allegations inconsistent with the entirety of the 2012 Proxy. Defendants further deny that the NASDAQ listing standards are relevant to the legal issues in this litigation, and otherwise deny the remaining allegations of Paragraph 40.

41. Defendants admit that Sun founded and served as the Chairman of the Board of Linkage Technologies International Holdings Limited ("Linkage"), a telecommunications software company in China, where he also served as its Chief Executive Officer from January 2009 to July 2010 and its President from 1997 to January 2007. Defendants further admit that Sun became Executive Co-Chairman of AsiaInfo in July 2010 after its combination with Linkage. Further answering, Defendants only admit that Plaintiff purports to summarize or describe the business relationships between entities controlled by Defendant Sun and the Company from a portion of the 2012 Proxy, which speaks for itself, but deny that the descriptions are complete or accurate. Defendants admit only that the last sentence of Paragraph

6

41 selectively quotes from and purports to summarize a portion of the 2012 Proxy, which speaks for itself, but deny any allegations inconsistent with the 2012 Proxy. The allegations in Paragraph 41 also state legal conclusions to which no answer is necessary; to the extent an answer is required, the allegations of Paragraph 41 are denied. Defendants further deny that the NASDAQ listing standards are relevant to the legal issues in this litigation, and otherwise deny the remaining allegations of Paragraph 41.

42. Defendants admit only that the first sentence of Paragraph 42 selectively quotes from and summarizes a portion of the 2012 Proxy, which speaks for itself, but deny any allegations inconsistent with the 2012 Proxy. The allegations in Paragraph 42 also state legal conclusions to which no answer is necessary; to the extent an answer is required, the allegations of Paragraph 42 are denied.

## COUNT I
### Breach of Fiduciary Duty
### (Against Defendants)

43. Defendants incorporate the responses of Paragraphs 1–42 of this Answer as if fully set forth herein.

44. The allegations in Paragraph 44 state legal conclusions to which no answer is necessary.

45. Defendants deny the allegations of Paragraph 45.

46. Defendants deny the allegations of Paragraph 46.

47. Defendants deny the allegations of Paragraph 47.

48. Defendants deny the allegations of Paragraph 48.

49. The allegations in Paragraph 49 state legal conclusions to which no answer is required; to the extent an answer is required, the allegations of Paragraph 49 are denied.

## COUNT II
## Waste of Corporate Assets
### (Against the Director Defendants)

50. Defendants incorporate the responses of Paragraphs 1–49 of this Answer as if fully set forth herein.

51. Defendants deny the allegations of Paragraph 51.

52. Defendants deny the allegations of Paragraph 52.

53. Defendants deny the allegations of Paragraph 53.

54. The allegations in Paragraph 54 state legal conclusions to which no answer is required; to the extent an answer is required, the allegations of Paragraph 54 are denied.

## COUNT III
## Unjust Enrichment
### (Against the Officer Defendants)

55. Defendants incorporate the responses of Paragraphs 1–54 of this Answer as if fully set forth herein.

56. The allegations of Paragraph 56 are not directed at Defendants, and therefore no answer is required. To the extent an answer is required, Defendants deny the allegations of Paragraph 56.

57. The allegations of Paragraph 57 are not directed at Defendants, and therefore no answer is required. To the extent an answer is required, Defendants deny the allegations of Paragraph 57.

58. The allegations of Paragraph 58 are not directed at Defendants, and therefore no answer is required. To the extent an answer is required, Defendants deny the allegations of Paragraph 58.

59. The allegations of Paragraph 59 are not directed at Defendants, and therefore no answer is required. To the extent an answer is required, Defendants deny the allegations of Paragraph 59.

60. The allegations of Paragraph 60 are not directed at Defendants, and therefore no answer is required. To the extent an answer is required, Defendants deny the allegations of Paragraph 60. Further, the allegations in Paragraph 60 state legal conclusions to which no answer is required; to the extent an answer is required, the allegations of Paragraph 60 are denied.

## Answer to Prayer for Relief

Plaintiff's request for relief states conclusions of law to which no response is required. To the extent that a response is required, Defendants deny that plaintiff is entitled to any relief from this Court.

## AFFIRMATIVE DEFENSES

Defendants hereby set forth their separate and distinct affirmative defenses to Plaintiff's Complaint. By listing these matters as "affirmative defenses," Defendants do not assume the burden of proving any matter upon which Plaintiff bears the burden of proof under the applicable law, nor do they in any way concede Plaintiff has met their burden of establishing any of the requisite elements of a breach of fiduciary duty, waste of corporate assets, and unjust enrichment claim. Defendants expressly reserve the right to supplement, amend, or delete the following defenses, as warranted by discovery or other investigation, or as justice may require.

**First Affirmative Defense**

The Complaint fails adequately to plead that demand upon the directors required by Rule 23.1 of the Federal Rules of Civil Procedure is excused.

**Second Affirmative Defense**

The Complaint fails, in whole or in part, to state a claim against Defendants upon which relief can be granted.

**Third Affirmative Defense**

Plaintiff has not suffered any legally cognizable loss, damage, injury, or harm as a result of the conduct alleged in the Complaint.

**Fourth Affirmative Defense**

Plaintiff's claims are barred by the doctrine of laches.

**Fifth Affirmative Defense**

Plaintiff's claims are barred by 8 Del. C. § 102(b)(7) and AsiaInfo Holdings, Inc.'s Certificate of Incorporation, dated December 21, 1999, which was subsequently amended to AsiaInfo-Linkage, Inc., and states that the Company's directors "shall not be personally liable to the Corporation or its stockholders for monetary damages for breach of fiduciary duty as director."

**Sixth Affirmative Defense**

The Complaint fails because all grants made pursuant to the Incentive Plan were entirely fair, and are protected by application of the business judgment rule.

**Seventh Affirmative Defense**

Plaintiff lacks standing to pursue these claims.

**Eighth Affirmative Defense**

The claims are not ripe because Messrs. Zhang and Liu have not exercised the grants at issue and because the Company has not been denied a tax deduction under Section 162(m).

WHEREFORE, Defendants respectfully pray that the Court dismiss the Complaint in its entirety with prejudice; that the Defendants be awarded their costs and expenses for defending this action; and that the Court award Defendants such other and further relief as it deems just and proper.

| | |
|---|---|
| OF COUNSEL: | POTTER, ANDERSON, & CORROON LLP |
| DECHERT LLP<br>David H. Kistenbroker<br>Joni S. Jacobsen<br>Angela M. Liu<br>77 West Wacker, Suite 3200<br>Chicago, Illinois 60601<br>Tel: (312) 646-5800<br>Fax: (312) 646-5858<br>david.kistenbroker@dechert.com<br>joni.jacobsen@dechert.com<br>angela.liu@dechert.com | By: /s/ *Arthur L. Dent*<br>Arthur L. Dent (No. 2491)<br>1313 North Market Street, 6th Floor<br>Post Office Box 951<br>Wilmington, DE 19899<br>Tel: (302) 984-6189<br>Fax: (302) 658-1192<br>adent@potteranderson.com<br><br>*Attorneys for Defendants Jian Ding, Xiwei Huang, Yungang Lu, Davin Mackenzie, Thomas Manning, Sean Shao, Libin Sun, and Suning Tian* |

Dated: September 26, 2013
1124274