# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PHILIP HALPERT, derivatively on behalf of ASIAINFO-LINKAGE, INC.<br><br>                Plaintiff,<br><br>     v.<br><br>STEVE ZHANG, JIAN DING, LIBIN SUN, SEAN SHAO, YUNGANG LU, DAVIN A. MACKENZIE, THOMAS J. MANNING, SUNING TIAN, XIWEI HUANG, and GUOXIANG LIU,<br><br>                Defendants,<br><br>   and<br><br>ASIAINFO-LINKAGE, INC., a Delaware Corporation,<br><br>                Nominal Defendant. | Civil Action No. 12-cv-1339-SLR |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT
## OF MOTION FOR JUDGMENT ON THE PLEADINGS

Dated: October 22, 2013

Of Counsel:
LEVI & KORSINSKY, LLP
Eduard Korsinsky
Steven J. Purcell
30 Broad Street, 24th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (212) 363-7171

Brian E. Farnan (Bar. No. 4089)
FARNAN LLP
919 N. Market Street, 12th Floor
Wilmington, Delaware 19801
Tel: (302) 777-0300
Fax: (302) 777-0301
bfarnan@farnanlaw.com

*Attorneys for Plaintiff*

## TABLE OF CONTENTS

Preliminary Statement ............................................................................................................... 1

Nature and Stage of Proceedings ............................................................................................... 3

Summary of Argument ............................................................................................................... 3

Statement of Facts ...................................................................................................................... 3

    A.    The Parties ................................................................................................................ 3

    B.    AsiaInfo's 2011 Stock Incentive Plan ...................................................................... 4

    C.    The 2011 Awards to Zhang and Liu ........................................................................ 4

    D.    The Going Private Transaction ................................................................................ 5

Argument .................................................................................................................................... 5

    I.    Because There Are No Material Facts In Dispute Concerning Defendants'
          Violation of the Plan, Plaintiff Is Entitled To Judgment on The Pleadings
          As a Matter of Law. ................................................................................................. 5

    II.   Defendants' Affirmative Defenses Do Not Preclude the Relief Plaintiff Seeks. ........ 8

Conclusion .................................................................................................................................. 9

# TABLE OF AUTHORITIES

**Cases**

*Desert Equities, Inc. v. Morgan Stanley Leveraged, II, L.P.*,
  624 A.2d 1199 (Del. 1993). ................................................................................................... 5

*Halpert v. Zhang*,
  --- F.Supp.2d ---, 2013 WL 4047153 (D. Del. Aug. 7, 2013).............................................*passim*

*Lillis v. AT&T Corp.*,
  904 A.2d 325 (Del. Ch. 2006)................................................................................................6

*Osborn v. Kemp*,
  991 A.2d 1153 (Del. 2010).....................................................................................................7

*Sanders v. Wang*,
  1999 WL 1044880 (Del. Ch. Nov. 8, 1999)....................................................................*passim*

*Southmark Prime Plus, L.P. v. Falzone*,
  776 F.Supp. 888 (D. Del. 1991)..............................................................................................2

*In re Tyson Foods, Inc.*,
  919 A.2d 563 (Del. Ch. 2007).................................................................................................9

*Weiss v. Swanson*,
  948 A.2d 433 (Del. Ch. 2008).................................................................................................9

**Rules**

Fed. R. Civ. P. 12(c) ................................................................................................................... 5

**Regulations**

26 U.S.C.A. §162(m) ............................................................................................................ 4, 8

Plaintiff Philip Halpert ("Plaintiff), derivatively on behalf of AsiaInfo Linkage, Inc. ("AsiaInfo" or "the Company"), respectfully submits this memorandum of law in support of his motion for judgment on the pleadings against AsiaInfo's Board of Directors (the "Board").[1] As relief, Plaintiff seeks the surrender, and the imposition of a constructive trust over, the 660,000 stock options ("Excess Stock Options") the Board granted in 2011 to defendants Zhang and Liu in violation of AsiaInfo's shareholder-approved 2011 Stock Incentive Plan (the "Plan").

## Preliminary Statement

When shareholders approved the Plan, they authorized the Board to grant stock-based incentive awards for only one purpose, namely to "enhance the long-term stockholder value of the Company by offering opportunities to employees [and] directors … to participate in the Company's growth and success, and to encourage them to remain in the service of the Company[.]" (D.I. 1 at ¶ 22.)[2] The Board's authority to grant such awards is further subject to certain clear limitations, including a cap on the number of shares of common stock any individual may receive per year. On December 6, 2011, the Board awarded stock options to fellow Board members Zhang (also the CEO) and Liu that far exceeded that cap. Plaintiff commenced this action in order to recover those excess stock options on behalf of the Company.

After Defendants moved to dismiss this action, the Board announced that it had agreed to a "going-private" merger transaction wherein the Company will be acquired by a group that includes Zhang and two other members of the Board. After this Court denied the motion to dismiss, Defendants filed answers admitting the essential facts required for the Court to grant

---

[1] The Board consists of Defendants Steve Zhang ("Zhang"), Jian Ding ("Ding"), Libin Sun ("Sun"), Sean Shao ("Shao"), Yungang Lu ("Lu"), Davin A. Mackenzie ("Mackenzie"), Thomas J. Manning ("Manning"), Suning Tian ("Tian"), Xiwei Huang ("Huang") and Guoxiang Liu ("Liu") (collectively, "Defendants").

[2] All references to "¶" are to the Verified Shareholder Derivative Complaint ("Complaint") filed on October 16, 2012. (D.I. 1).

this motion. Specifically, as Defendants admit, the Plan provides that "no individual may be granted within any one fiscal year of the Company one or more Awards intended to qualify as Performance-Based Compensation which in the aggregate are for more than ... 100,000 shares of Common stock." (D.I. 1 at ¶ 26; Plan, §4.2 (attached hereto as Exhibit A[3]); Zhang and Liu Answer, (D.I. 30 at ¶ 26; D.I. 26 (Ding, Huang, et al. Answer) at ¶ 26). As Defendants further admit, in AsiaInfo's Schedule 14A Proxy Statement filed with the U.S. Securities and Exchange Commission on February 28, 2012 (the "2012 Proxy," excerpts attached hereto as Exhibit B), the Board expressly represented to shareholders that the "[a]wards issued under our stock incentive plans (including stock options, RSUs, and PSUs) have been structured so that any taxable compensation derived pursuant to the exercise of options granted under such plans should not be subject to these deductibility limitations." (D.I. 1 at ¶28; D.I. 30 (Zhang and Liu Answer) at ¶ 28; D.I. 26 (Ding, Huang, et al. Answer) at ¶ 28). Thus, the Board admits, as it must, that shareholders were told that the awards to Zhang and Liu were intended to qualify as Performance-Based Compensation under the Plan. As such, the Board had no authority under the Plan to grant more than 100,000 shares of stock options to either Zhang or Liu.

Given the unambiguous language of the Plan and Defendants' admission of the essential facts, Plaintiff respectfully requests that this Court grant judgment on the pleadings in Plaintiff's favor, preventing Zhang and Liu from using the merger transaction to finally convert the Excess Stock Options for their own benefit at the expense of the Company. The merger transaction is expected to occur imminently; when it does, Plaintiff's standing to prosecute this derivative action would likely be extinguished.

---

[3] Each of the three exhibits attached to this motion have been filed with the SEC and it is appropriate for the Court to consider them in deciding this motion. *Southmark Prime Plus, L.P. v. Falzone*, 776 F.Supp. 888, 893 (D. Del. 1991).

## Nature and Stage of Proceedings

Plaintiff commenced this action on October 16, 2012, alleging claims for breach of fiduciary duty, unjust enrichment and waste of corporate assets. (D.I. 1 at ¶¶ 43-60). Defendants moved to dismiss on January 18, 2013 (D.I. 10), and the Court denied that motion on August 7, 2013. (D.I. 21). Defendants Ding, Huang, Lu, Mackenzie, Manning, Shao, Sun and Tian answered on September 5, 2013 (D.I. 26), AsiaInfo answered on September 19, 2013 (D.I. 27), and Zhang and Liu answered on September 26, 2013. (D.I. 30).

## Summary of Argument

1.      In awarding Zhang and Liu more than 100,000 shares of stock options each in 2011, the Board indisputably exceeded an unambiguous limitation on its authority under AsiaInfo's Plan. Under *Sanders v. Wang* and its progeny, this violation of the Plan is both a breach of contract and a breach of the Board's fiduciary duties. As such, Zhang and Liu should be required to return the excess shares to the Company, and the Court should impose a constructive trust over those shares. In addition, the Court should order an accounting by Zhang and Liu for any benefit they derived from the Excess Stock Options.

2.      Defendants' affirmative defenses do not preclude the relief Plaintiff seeks. Defendants have not articulated a basis for these defenses, much less carried their burden of proof. Therefore, Plaintiff is entitled to judgment on the pleadings as a matter of law.

## Statement of Facts

**A.     The Parties**

Plaintiff has been a stockholder of AsiaInfo since November 2011. (D.I. 1 at ¶9). AsiaInfo, a Delaware corporation based in Beijing, China, is a software and telecommunications provider. (D.I. 1 at ¶10). Defendant Zhang is the Company's Chief Executive Officer, President

3

and a member of the Board. (D.I. 1 at ¶ 11). Defendant Liu is a member of the Board and the Company's Executive Vice President. (D.I. 1 at ¶ 20). Defendants Ding, Sun, Shao, Lu, Mackenzie, Manning, Tian and Huang comprise the remainder of the Board. (D.I. 1 at ¶¶ 12-19). Ding, Mackenzie, Tian and Shao served on the Board's Compensation Committee that granted the Excess Stock Options to Zhang and Liu. (D.I. 1 at ¶¶ 12, 14-16).

B.    AsiaInfo's 2011 Stock Incentive Plan

On April 21, 2011, AsiaInfo's shareholders approved the Plan which gave the Board authority to grant stock options, stock appreciation rights, restricted stock awards and performance units to AsiaInfo's executive officers, directors and other employees. (D.I. 1 at ¶ 22).Section 4.2 of the Plan expressly provides that "no individual may be granted within any one fiscal year of the Company one or more Awards intended to qualify as Performance-Based Compensation which in the aggregate are for more than ... 100,000 shares of Common stock." (D.I. 1 at ¶ 26; Plan, §4.2). "Performance-Based Compensation" is defined in Section 2.25 of the Plan as an award that satisfies the requirements of Section 162(m) of the Internal Revenue Code (26 U.S.C. §162(m)), which in turn sets forth the conditions that must be met in order for certain performance-based compensation paid to the Company's named executive officers to be tax deductible.

C.    The 2011 Awards to Zhang and Liu

On December 6, 2011, the Compensation Committee granted 750,000 stock options to Zhang and 110,000 stock options to Liu. (D.I. 1 at ¶34). This fact is undisputed. (*See* D.I. 30 (Zhang and Liu Answer) at ¶¶ 2, 24; D.I. 26 (Ding, Huang, et al. Answer) at ¶¶ 2, 24). As stated in the 2012 Proxy, these stock option awards were granted "under [the Company's] 2011 Incentive Plan." (D.I. 1 at ¶¶ 24, 28.) Defendants likewise admit this fact. (*See* D.I. 30 (Zhang and Liu Answer) at ¶¶ 24, 28; D.I. 26 (Ding, Huang, et al. Answer) at ¶¶ 24, 28). In describing

4

the awards to Zhang and Liu, the 2012 Proxy states that "[a]wards issued under our stock incentive plans (including stock options, RSUs and PSUs) have been structured so that any taxable compensation derived pursuant to the exercise of options granted under such plans should not be subject to these deductibility limitations." (D.I. 1 at ¶ 28.) This fact is also admitted. (*See* D.I. 30 (Zhang and Liu Answer) at ¶ 28; D.I. 26 (Ding, Huang, et al. Answer) at ¶ 28).

D.   **The Going-Private Transaction**

On May 13, 2013, AsiaInfo announced a proposed "going private" transaction in which Defendants Zhang, Tian and Ding, along with CITIC Capital Partners ("CITIC Capital"), would acquire AsiaInfo for $12.00 per share in a transaction valued at $890 million (the "Proposed Buyout"). Pursuant to the Proposed Buyout, the Excess Stock Options granted to Zhang and Liu will be converted into an option to purchase an equal number of shares in the new company. (AsiaInfo Form 8-K, dated May 12, 2013, Exhibit 2.1 (Merger Agreement, at Section 3.04), excerpts attached hereto as Exhibit C.) Once this transaction occurs, AsiaInfo will become a wholly-owned subsidiary of the acquiring company and an indirect subsidiary of CITIC Capital. *Id.*

## ARGUMENT

Fed. R. Civ. P. 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Judgment on the pleadings is appropriate if the movant can show, based on the pleadings, that there is no material fact in dispute and the moving party is entitled to judgment as a matter of law. *Desert Equities, Inc. v. Morgan Stanley Leveraged, II, L.P.*, 624 A.2d 1199, 1205 (Del. 1993).

I.   **Because There Are No Material Facts In Dispute Concerning Defendants' Violation of the Plan, Plaintiff Is Entitled To Judgment on The Pleadings As a Matter of Law.**

The Plan is a contract between the Board and AsiaInfo's shareholders. *Sanders v. Wang*, Civ. No. 16640, 1999 WL 1044880, at *6 (Del. Ch. Nov. 8, 1999). Plaintiff seeks judgment on the pleadings in order to enforce an unambiguous provision in that contract. Judgment on the pleadings is the "proper framework for enforcing unambiguous contracts." *Lillis v. AT&T Corp.*, 904 A.2d 325, 329 (Del. Ch. 2006); *accord Sanders*, 1999 WL 1044880, at *5. As shown below, judgment on the pleadings is warranted in this case for the same reasons the Chancery Court granted judgment on the pleadings in *Sanders v. Wang*.

In denying Defendants' motion to dismiss, this Court recognized the essential similarities between *Sanders v. Wang* and this case. *Halpert v. Zhang*, --- F.Supp.2d ---, 2013 WL 4047153, at *5 (D. Del. Aug. 7, 2013.) In *Sanders*, the Court of Chancery found that the board of directors had indisputably exceeded its authority under the company's stockholder-approved compensation plan by issuing shares to certain individuals in excess of an unambiguous limitation on the number of shares that were authorized by the plan. 1999 WL 1044880, at *7. On the basis of that violation, the Court of Chancery then granted judgment on the pleadings in plaintiffs' favor and ordered that the excess shares be returned to the company, that an accounting be performed for any economic benefit derived from the excess shares, and that a constructive trust be imposed on the recipients with respect to the excess shares. *Id.*, at *12-13. Because this case is materially indistinguishable from *Sanders*, that same relief should issue here.

Just like the share limit at issue in *Sanders*, Section 4.2 of the Plan is categorical and unambiguous. It provides that "no individual may be granted within any one fiscal year of the Company one or more Awards intended to qualify as Performance-Based Compensation which in the aggregate are for more than … 100,000 shares of Common Stock." (D.I. 1 at ¶ 26; Plan,

6

§4.2.) Defendants have not proffered any interpretation of the Plan capable of contradicting the plain meaning of this language. Nor can they. In their motion to dismiss, Defendants argued that "the structure, types of awards, nature and objectives of the Plan are 'more complex, more intricate, and more nuanced' than Plaintiff alleges." (D.I. 11 at 11 (internal citation omitted).)

As this Court no doubt recognized, Section 4.2 is not complex, intricate or nuanced. Rather, it is simple and unambiguous. Accordingly, it should be enforced according to its plain meaning. *Sanders*, 1999 WL 1044880, at *6 ("Contract interpretation starts with the terms of the contract. If the terms are plain on their face, then the analysis stops there."); *Osborn v. Kemp*, 991 A.2d 1153, 1159-1160 (Del. 2010) ("When the contract is clear and unambiguous, we will give effect to the plain-meaning of the contract's terms and provisions.").

Nor can it be disputed that the awards to Zhang and Liu were covered by the limitation of Section 4.2. Indeed, in the 2012 Proxy Defendants disclosed that this was the case. The 2012 Proxy states that the Board intended the December 2011 awards to Zhang and Liu to qualify as tax deductible "Performance-Based Compensation," as defined in the Plan: "[a]wards issued under our stock incentive plans (including stock options, RSUs and PSUs) have been structured so that any taxable compensation derived pursuant to the exercise of options granted under such plans should not be subject to these deductibility limitations." (D.I. 1 at ¶ 28.) As this Court recognized in denying Defendants' motion to dismiss, "AsiaInfo's own characterization of the challenged grants . . . establishe[s] a prima facie case that the Board exceeded its authority by awarding more stock options than authorized under the Plan." *Halpert*, 2013 WL 4047153, at *5.

Although Defendants have argued that the Plan affords the Board "broad discretion" in determining whether certain awards are meant to be treated as "Performance-Based Compensation," (*see* D.I. 11 at 4-5, referring to Plan §§ 6.5, 9.1, 10,1 11.1, and 12.1), Plaintiff

7

has never contested this point. The claimed discretion is irrelevant to this case. Whatever discretion the Board may otherwise have had in administering the Plan, the dispositive fact here is that the Board has admitted that the grants to Zhang and Liu were intended to qualify as Performance-Based Compensation. (2012 Proxy, at 24.) Even if that were not the case, *Sanders* is once again on point. There, defendants argued that the share limit at issue did not apply because the plan gave the board authority to "interpret and administer the [p]lan." *Sanders*, 1999 WL 1044880, at *7. The court rejected that argument on the grounds that the board could in no event "ignore a clear . . . share limit" under the guise of interpreting the plan. *Id.*

Accordingly, because the Plan is unambiguous and the Board indisputably exceeded its authority in granting the Excess Stock Options to Zhang and Liu, judgment on the pleadings should be granted in Plaintiff's favor.

## II.  Defendants' Affirmative Defenses Do Not Preclude the Relief Plaintiff Seeks.

In their answers, Defendants invoke a number of affirmative defenses, none of which stand in the way of the relief Plaintiff seeks. Indeed, Defendants' first two affirmative defenses – failure to plead demand futility and failure to state a claim – have already been rejected by this Court. *Halpert*, 2013 WL 4047153, at *5-6.

Defendants' remaining affirmative defenses fare no better. Despite the fact that Defendants bear the burden of proof, they have not explained the basis for their laches, ripeness, entire fairness and standing defenses, much less established them. (*See* D.I. 30 (Zhang and Liu Answer) at 9; D.I. 26 (Ding, Huang, et al. Answer) at 10). Additionally, Defendants' 8 Del. C. § 102(b)(7) defense is not relevant to this motion. Consistent with the result in *Sanders*, Plaintiff does not seek an adjudication of the nature of Defendants' breach of fiduciary duty on this motion. 1999 WL 1044880, at *10. Lastly, the defenses relating to ripeness and a lack of injury

make no sense. Where a board of directors issues awards pursuant to a shareholder-approved plan in plain violation of what shareholders have authorized, it is axiomatic that the Company and its shareholders have been injured by that breach of contract and breach of fiduciary duty. *Sanders*, 1999 WL 1044880, at \*1; *see also Weiss v. Swanson*, 948 A.2d 433, 450 (Del. Ch. 2008); *In re Tyson Foods, Inc.*, 919 A.2d 563, 592-93 (Del. Ch. 2007).

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant his motion for judgment on the pleadings and: (1) find that the Board exceeded its authority by granting Zhang and Liu a total of 660,000 stock options in excess of what the Plan allowed; (2) order that Zhang and Liu forfeit or return the Excess Stock Options; (3) impose a constructive trust on the Excess Stock Options; and (4) order an accounting by Zhang and Liu for any economic benefit derived from the Excess Stock Options.

Date: October 22, 2013

Respectfully submitted,

FARNAN LLP

/s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
FARNAN LLP
919 N. Market Street, 12th Floor
Wilmington, DE 19801
Tel: (302) 777-0300
Fax: (302) 777-0301
bfarnan@farnanlaw.com

*Attorneys for Plaintiff*

Of Counsel:
LEVI & KORSINSKY, LLP
Eduard Korsinsky
Steven J. Purcell
30 Broad Street, 24th Floor
New York, New York 10004
Tel: (212) 363-7500
Fax: (212) 363-7151