## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PHILIP HALPERT, derivatively on behalf of ASIAINFO-LINKAGE, INC., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| STEVE ZHANG, JIAN DING, LIBIN SUN, SEAN SHAO, YUNGANG LU, DAVIN A. MACKENZIE, THOMAS J. MANNING, SUNING TIAN, XIWEI HUANG, and GUOXIANG LIU, | ) ) ) ) ) ) ) | Civil Action No. 12-cv-01339-SLR |
| Defendants, | ) ) | |
| -and- | ) ) | |
| ASIAINFO-LINKAGE, INC., a Delaware Corporation, | ) ) ) | |
| Nominal Defendant. | ) | |

## MEMORANDUM OF LAW IN OPPOSITION TO
## PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS

OF COUNSEL:

DECHERT LLP
David H. Kistenbroker
Joni S. Jacobsen
Mayer B. Grashin
77 West Wacker, Suite 3200
Chicago, Illinois 60601
Tel: (312) 646-5800
Fax: (312) 646-5858
david.kistenbroker@dechert.com
joni.jacobsen@dechert.com

POTTER ANDERSON & CORROON LLP
Arthur L. Dent (Bar No. 2491)
1313 North Market Street, 6th Floor
Post Office Box 951
Wilmington, DE 19899
Tel: (302) 984-6189
Fax: (302) 658-1192
adent@potteranderson.com

*Attorneys for Defendants Jian Ding, Libin Sun,*
*Sean Shao, Yungang Lu, Davin. Mackenzie,*
*Thomas Manning, Suning Tian, Xiwei Huang*

OF COUNSEL:

WEIL, GOTSHAL & MANGES LLP
Joseph S. Allerhand
Paul A. Ferrillo
David J. Schwartz
767 5th Avenue
New York, NY 10153
(212) 310-8000
joseph.allerhand@weil.com
paul.ferrillo@weil.com
david.schwartz@weil.com

SEITZ ROSS ARONSTAM & MORITZ LLP
Collins J. Seitz, Jr. (Bar No. 2237)
Bradley R. Aronstam (Bar No. 5129)
Benjamin J. Schladweiler (Bar No. 4601)
100 S. West Street, Suite 400
Wilmington, DE 19801
(302) 576-1600
cseitz@seitzross.com
baronstam@seitzross.com
bschladweiler@seitzross.com

*Attorneys for Defendants Steve Zhang and Guoxiang Liu*

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................1

FACTUAL BACKGROUND................................................................................................ 2

    A.    Procedural Background ....................................................................................2

    B.    AsiaInfo and Its Board of Directors ...............................................................2

    C.    AsiaInfo's 2011 Stock Incentive Plan .............................................................3

    D.    The December 2011 Awards and the 2012 Proxy ...........................................3

ARGUMENT.........................................................................................................................4

I.      APPLICABLE LEGAL STANDARD ON A MOTION FOR JUDGMENT ON THE PLEADINGS ..........................................................................................4

II.     PLAINTIFF'S MOTION FAILS BECAUSE MATERIAL FACTS ARE IN DISPUTE..............................................................................................................6

    A.    Defendants' Unequivocal Denials Must Be Accepted as True and Defeat Plaintiff's Motion ..........................................................................................6

    B.    In Light of Defendants' Denials, Plaintiff's Interpretation of the 2012 Proxy Must Be Viewed as False for the Purposes of This Motion........................ 9

    C.    *Sanders v. Wang* is Distinguishable From the Case at Bar and Does Not Support Plaintiff's Motion.............................................................................. 12

CONCLUSION .................................................................................................................. 13

## TABLE OF AUTHORITIES

CASES

*Allstate Property & Casualty Insurance Co. v. Squires,*
    667 F.3d 388 (3d Cir. 2012) ....................................................................................4, 12

*First American Title Insurance Co. v. Hegedus,*
    C.A. No. 10-099-LPS-MPT, 2012 WL 2365902 (D. Del. June 21, 2012).....................5, 6, 11

*Gioconda Law Group v. Kenzie,*
    No. 12 Civ. 4919 (JPO), 2013 WL 1747111 (S.D.N.Y. Apr. 23, 2013) ....................................5

*Hansen v. Rhode Island's Only 24 Hour Truck & Auto Plaza, Inc.,*
    287 F.R.D. 119, 122 (D. Mass. 2012) ......................................................................................9

*Internet Media Corp. v. Hearst Newspapers, LLC,*
    Civ. No. 10-690-SLR, 2012 WL 3867165 (D. Del. Sept. 6, 2012).........................................9

*Patterson v. U.S. Virgin Islands,*
    Civil No. 2010-126, 2013 WL 1904892 (D.V.I. May 8, 2013)......................................passim

*Rainier v. Rispoli,*
    Civ. Action No. 10-498-GMS, 2012 WL 752371 (D. Del. Mar. 6, 2012) ...........................8, 9

*Sanders v. Wang,*
    No. 16640, 1999 WL 1044880 (Del. Ch. Nov. 8, 1999) ...............................................passim

STATUTES

Section 162(m) of the Internal Revenue Code .............................................................................4

OTHER AUTHORITIES

Federal Rule of Civil Procedure 12(c).......................................................................................4, 5

Federal Rules of Civil Procedure 12(b)(6) .................................................................................2, 5

Federal Rule of Civil Procedure 23.1 ............................................................................................2

5C Wright & Miller, *Federal Practice & Procedure Federal Rules of Civil Procedure*
    § 1368 (3d ed.)........................................................................................................................5

Defendants Steve Zhang, Jian Ding, Libin Sun, Sean Shao, Yungang Lu, Davin A. Mackenzie, Thomas J. Manning, Suning Tian, Xiwei Huang and Guoxiang Liu (the "Individual Defendants") hereby oppose Plaintiff's Motion for Judgment on the Pleadings ("Motion").

## INTRODUCTION

Plaintiff's Motion ignores both the applicable pleading standard on a motion for judgment on the pleadings and Defendants' explicit denials of the key elements of Plaintiff's claims. The crux of Plaintiff's argument is that the Compensation Committee's grant of stock options to Messrs. Zhang and Liu in December 2011 violated the terms of the 2011 Stock Incentive Plan (the "Plan"), which limits the number of "Performance-Based" awards that may be granted in a given year. In their Answers, however, the Individual Defendants *denied* that Steve Zhang and Guoxiang Liu's stock option grants were "Performance-Based," and *denied* that such grants were in excess of limits set by the Plan. D.I. 30, Zhang & Liu Answer, ¶¶ 3, 25, 28-31, 38, 45, 47, 51, 56; D.I. 31, Ding et al. Am. Answer, ¶¶ 3, 25, 28-31, 38, 45, 47, 51, 56.[1] Those denials of material fact must be considered as true for purposes of this Motion, which is fatal to the Motion.

Ignoring Defendants' unequivocal denials, Plaintiff argues that the Court should accept as true Plaintiff's interpretation of a single sentence in AsiaInfo-Linkage, Inc.'s ("AsiaInfo" or the "Company") 2012 Proxy. However, at this procedural posture, Defendants are entitled to all inferences in their favor, their denials must be accepted as true, and any contradictory assertions in the Complaint must be considered as false. Plaintiff's argument thus runs afoul of the standard which governs this Motion. In other words, Plaintiff's interpretation of the 2012 Proxy cannot overcome Defendants' denials, which must be accepted as true. Finally, without

---

[1] Because the Answers by the Individual Defendants do not differ in any material way, they are collectively referred to as "Defendants' Answers" or "Defs.' Answers" where appropriate.

discovery that could clarify the nature of the awards and whether they in fact violated the terms of the Plan, a genuine issue of fact remains, and Plaintiff's Motion must therefore be denied.

## FACTUAL BACKGROUND

### A.    Procedural Background

On October 17, 2012, Plaintiff commenced this derivative action by filing the Verified Shareholder Derivative Complaint alleging claims for breach of fiduciary duty, waste of corporate assets and unjust enrichment. D.I. 1, Verified Shareholder Derivative Complaint ("Complaint" or "Compl."). On January 18, 2013, the named Defendants moved to dismiss the Complaint under Federal Rules of Civil Procedure 23.1, for failure to plead demand futility, and 12(b)(6), for failure to state a claim. D.I. 10. On August 7, 2013, the Court denied Defendants' motion. D.I. 21. Subsequently, Defendants filed Answers, which denied the Complaint's substantive factual allegations and asserted affirmative defenses. D.I. 27; D.I. 30; D.I. 31. On October 22, 2013, Plaintiff filed the Motion (D.I. 34), and on October 23, 2013, Nominal Defendant AsiaInfo filed a motion to stay proceedings in this action (the "Motion to Stay"). D.I. 37. On October 25, 2013, this Court ordered that Plaintiff's Motion be heard prior to AsiaInfo's Motion to Stay.

### B.    AsiaInfo and Its Board of Directors

Nominal Defendant AsiaInfo, a leading provider of high-quality telecommunications software-solutions and information technology in China, is a publicly-traded Delaware corporation. D.I. 1, Compl. ¶ 10; D.I. 30 & 31, Defs.' Answers, ¶ 10. Defendants Jian Ding, Xiwei Huang, Yungang Lu, Davin Mackenzie, Thomas Manning, Sean Shao, Libin Sun, Suning Tian, and Steve Zhang serve as directors on AsiaInfo's Board of Directors (the "Board"). D.I. 1, Compl., ¶¶ 11-19; D.I. 30 & 31, Defs.' Answers, ¶¶ 11-19. Only two of these directors, Messrs. Zhang and Sun, are employed by AsiaInfo. D.I. 1, Compl., ¶¶ 11, 13; D.I. 30 & 31, Defs.'

- 2 -

Answers, ¶¶ 11, 13.  Four of the nine directors, Messrs. Ding, Mackenzie, Shao, and Tian, serve

on the Board's Compensation Committee.  Compl., D.I. 1, ¶¶ 12, 14-16;  D.I. 30 & 31, Defs.'

Answers, ¶¶ 12, 14-16.  The remaining Individual Defendant, Guoxiang Liu, serves as Executive

Vice President of AsiaInfo.  Compl., D.I. 1, ¶ 20;  D.I. 30 & 31, Defs.' Answers, ¶ 20.[2]

### C.    AsiaInfo's 2011 Stock Incentive Plan

On February 19, 2011, AsiaInfo's Board adopted the Plan, which the Company's

stockholders approved on April 21, 2011.  D.I. 1, Compl., ¶ 22;  D.I. 30 & 31, Defs.' Answers,

¶ 22.  The stated purpose of the Plan is "to enhance the long-term stockholder value of the

Company by offering opportunities to employees . . . to participate in the Company's growth and

success, and to encourage them to remain in the service of the Company and its Subsidiaries and

to acquire and maintain stock ownership in the Company."  Plan § 1.2 (attached as Ex. A to D.I.

35, Plaintiff's Memorandum of Law in Support of Motion for Judgment on the Pleadings ("Pl.

Mem.")).  The Plan allows for certain awards to be deemed "Performance-Based," but does not

require that all awards fall under this category.  *See id.* § 2.25 (defining "Performance-Based

Compensation").

### D.    The December 2011 Awards and the 2012 Proxy

In December 2011, the Compensation Committee granted 750,000 stock options to Mr.

Zhang and 110,000 stock options to Mr. Liu.  D.I. 1, Compl., ¶ 24;  D.I. 30 & 31, Defs.'

Answers, ¶ 24.[3]  Subsequently, AsiaInfo sent a Schedule 14A Proxy Statement, dated February

---

[2] Mr. Liu is not a member of the Board, as Plaintiff argues in his Motion.  *Compare* D.I. 35, Pl. Mem., at 4 *with* D.I. 1, Compl., ¶ 20; D.I. 30 & 31, Defs.' Answers, ¶ 20.

[3] To date, Messrs. Zhang and Liu have not exercised any of these stock options, as evidenced by their most recent Form 4s.  AsiaInfo-Linkage, Inc., Statement of Changes in Beneficial Ownership of Securities (Form 4) (Aug. 20, 2013) attached hereto as Exhibit A (showing Mr. Liu in possession of 110,000 Stock Options, granted on December 6, 2011); AsiaInfo-Linkage, Inc., Statement of Changes in Beneficial Ownership of Securities (Form 4) (Dec. 8, 2011)

28, 2012 (the "2012 Proxy"), to its shareholders. Using language virtually identical to that found in previous proxies, the 2012 Proxy briefly discusses a general guideline regarding Section 162(m) of the Internal Revenue Code. *See* AsiaInfo-Linkage, Inc., Proxy Statement (Schedule 14A) (Feb. 28, 2012) at 24 (select pages attached as Ex. B to D.I. 35, Pl. Mem.); *see also* AsiaInfo Holdings, Inc., Proxy Statement (Schedule 14A) (Sept. 15, 2000) at 16, (attached hereto as Exhibit C); AsiaInfo Holdings, Inc., Proxy Statement (Schedule 14A) (Mar. 5, 2009), (attached hereto as Exhibit D).[4] Nowhere in the 2012 Proxy does it state that the stock options granted to Messrs. Zhang and Liu were "Performance-Based" or that all awards made under the Plan were required to be "Performance-Based," and Plaintiff in his Complaint does not allege otherwise.

## ARGUMENT

### I. APPLICABLE LEGAL STANDARD ON A MOTION FOR JUDGMENT ON THE PLEADINGS

The standard for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is onerous. Under the standard, a plaintiff must establish that even when viewed in a light most favorable to the defendants, "'there are no issues of material fact, and that he is entitled to judgment as a matter of law.'" *Allstate Prop. & Cas. Insur. Co. v. Squires*, 667 F.3d 388, 390 (3d Cir. 2012) (citation omitted). In evaluating a motion for judgment on the pleadings, "a court must accept all of the allegations in the pleadings of the party against whom the motion is addressed as true and draw all reasonable inferences in favor of the non-moving party." *Id.* Indeed, "[i]t is axiomatic . . . that for purposes of the court's consideration of the Rule 12(c)

---

attached hereto as Exhibit B (showing Mr. Zhang in possession of 750,000 stock options, granted on December 6, 2011).

[4] As Plaintiff notes in his motion, these documents were filed with the SEC, and thus are appropriate for the Court to consider when deciding this Motion. *See* D.I. 35, Pl. Mem., at 2 n.3.

motion, all of the well pleaded factual allegations in the adversary's pleadings are assumed to be true and all contravening assertions in the movant's pleadings are taken to be false." 5C Wright & Miller, *Fed. Prac. & Proc. Civ. 3d* § 1368. "Because 'hasty or imprudent use of this summary procedure by the courts violates the policy in favor of ensuring to each litigant a full and fair hearing on the merits of his or her claim or defense,' federal courts are 'unwilling to grant a motion under Rule 12(c) unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law.'" *Gioconda Law Grp. v. Kenzie*, No. 12 Civ. 4919 (JPO), 2013 WL 1747111, at *1 (S.D.N.Y. Apr. 23, 2013) (citation omitted).

Where, as here, it is the plaintiff seeking judgment on the pleadings, "'the question for determination is whether on the *undenied facts* alleged in the complaint and assuming as true all the material allegations of fact in the answer, the plaintiff is entitled to judgment as a matter of law.'" *Patterson v. U.S. Virgin Islands*, Civil No. 2010-126, 2013 WL 1904892, at *2 (D.V.I. May 8, 2013) (quoting *Mo. Pac. R. Co. v. Nat'l Milling Co.*, 409 F.2d 882, 884-85 (3d Cir. 1969)) (emphasis added). In other words, "denials [in an answer] must be accepted as true for the purposes of [a] motion for judgment on the pleadings." *First Am. Title Ins. Co. v. Hegedus*, C.A. No. 10-099-LPS-MPT, 2012 WL 2365902, at *2 (D. Del. June 21, 2012) *report and recommendation adopted sub nom. First Am. Title Ins. Co. v. Hegedus*, Civil Action No. 10-99-LPS-MPT, 2012 WL 3155745 (D. Del. Aug. 2, 2012).

The standard governing Plaintiff's current motion for judgment on the pleadings essentially reverses the burdens that governed Defendants' motion to dismiss under Rule 12(b)(6). In deciding that motion, the Court evaluated whether Plaintiff had stated a "plausible claim for relief." D.I. 20, Memorandum Opinion, at 5. "As part of that analysis" the Court was

constrained to "accept all well-pleaded factual allegations in the complaint as true, and view them in the light most favorable to the plaintiff." *Id.* In denying Defendants' motion, the Court did not determine who "will ultimately prevail," but found that there was a "reasonable expectation that discovery will reveal evidence" needed for Plaintiff to prove his case. *Id.*

As set forth herein, genuine issues of material fact exist and discovery is necessary to determine the nature of the grants. When viewed in light of the appropriate legal standard, Plaintiff's Motion must be denied.

## II.   PLAINTIFF'S MOTION FAILS BECAUSE MATERIAL FACTS ARE IN DISPUTE

In support of his current Motion, Plaintiff asserts that the "Defendants filed answers admitting the essential facts required for the Court to grant this motion." D.I. 35, Pl. Mem., at 1-2. Plaintiff's assertion misrepresents the substance of Defendants' Answers, which consistently and repeatedly deny all material facts in this action. *Patterson*, 2013 WL 1904892, at *2; *see also First Am. Title*, 2012 WL 2365902, at *2 (for the purposes of deciding a motion for judgment on the pleadings, all Defendants' denials "must be accepted as true," and all Plaintiff's "contravening assertions" in his complaint "are assumed to be false"). Accordingly, Plaintiff is unable to meet his burden. The Motion therefore must be denied.

### A.   Defendants' Unequivocal Denials Must Be Accepted as True and Defeat Plaintiff's Motion

Contrary to Plaintiff's representations in his Motion, Defendants filed Answers that denied facts material to Plaintiff's claims, including Plaintiff's core contention that Messrs. Zhang and Liu received "Performance-Based Compensation" in excess of the Plan limit. D.I. 30 & 31, Defs.' Answers, ¶¶ 3, 25, 28-31, 38, 47, 51, 56. For example, in Paragraph 25 of his Complaint, Plaintiff alleges that "the grant of the stock options to Zhang and Liu violated the

terms of the Incentive Plan." D.I. 1, Compl., ¶ 25. Defendants' response is clear: they expressly "deny the allegations of Paragraph 25." D.I. 30 & 31, Defs.' Answers, ¶ 25.

Similarly, in Paragraph 29, Plaintiff alleges that "the December 2011 stock option grants to Zhang and Liu were intended to qualify as 'Performance-Based Compensation' and thus were subject to the Incentive Plan's 100,000 per year limit." D.I. 1, Compl., ¶ 29. Defendants again answer that they "deny the allegations of Paragraph 29." D.I. 30 & 31, Defs.' Answers, ¶ 29. Then in Paragraph 38 Plaintiff claims that Defendants "violated an express, unambiguous provision of the shareholder-approved Incentive Plan," and, once again, Defendants unambiguously deny that allegation. D.I. 1, Compl., ¶ 38; D.I. 30 & 31, Defs.' Answers, ¶ 38.

This pattern occurs throughout the pleadings—Plaintiff alleges that the grant of stock options to Messrs. Zhang and Liu were "Performance-Based Compensation" and thus in violation of the plan—and Defendants deny those allegations.[5] And yet, despite the unequivocal denial of these facts, Plaintiff inexplicably and repeatedly asserts the opposite in his Motion. D.I. 35, Pl. Mem., at 1-2, 4, 8.

Where, as here, defendants deny the key allegations underlying plaintiffs' claims, courts deny motions for judgment on the pleadings. For example, in *Patterson v. United States Virgin Islands*, Patterson sought a tax refund from the Virgin Islands and the Virgin Islands Bureau of

---

[5] *Compare, e.g.*, D.I. 1, Compl., ¶¶ 3, 28, 30-31, 47, 51, 56 *with* D.I. 30 & 31, Defs.' Answers, ¶ 3 (denying that the "stock option grants . . . exceeded the express limitations" of the Plan), *and* ¶ 28 (denying allegation that, pursuant to language in the 2012 Proxy, stock awards to Messrs. Zhang and Liu were intended to qualify as Performance-Based Compensation), *and* ¶ 30 (denying that by granting the stock options, the Board "exceeded its authority" under the Plan), *and* ¶ 31 (denying that the stock option grants were "*ultra vires*"), *and* ¶ 47 (denying that the Officer Defendants breached their fiduciary duties by granting the stock options, despite the fact that "they knew, or absent recklessness, should have known, that the challenged stock options" violated the Plan), *and* ¶ 51 (denying that the Director Defendants wasted corporate assets by granting options in excess of what the Plan authorized), *and* ¶ 56 (denying that the Officer Defendants "received unauthorized personal financial benefits as a result of the" stock options).

Internal Revenue (collectively, the "Virgin Islands") for taxes he allegedly overpaid.  Civil No.

2010–126, 2013 WL 1904892 (D.V.I. May 8, 2013).  The Virgin Islands asserted in its answer

that it was "without sufficient knowledge or information to form a belief as to the truth or falsity

of the allegations" that Patterson overpaid, and denied that Patterson was "entitled to all of the

tax refund that he seeks."  *Id.* at *3.  Initially, the court granted Patterson's motion for judgment

on the pleadings on his refund claim.  *Id.* at *1.  But the court reversed itself on a motion for

reconsideration, finding that granting Patterson's motion was a "manifest injustice," because the

Virgin Islands "denied facts material to Patterson's claim."  *Id.* at *2, *4.  "In particular, the

Virgin Islands unambiguously denied Patterson's core contention: that he was entitled to a

refund."  *Id.* at *4.  "Thus," the court found, "Patterson manifestly failed to 'establish[ ] that no

material issue of fact remain[ed] to be resolved and that he [wa]s entitled to judgment as a matter

of law.'"  *Id.* (*citing Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (alterations in

original)).

Similarly, in *Rainier v. Rispoli*, plaintiff moved for a judgment on the pleadings.  Civ.

Action No. 10-498-GMS, 2012 WL 752371, at *2 (D. Del. Mar. 6, 2012) (Sleet, J.).  The Chief

Judge found that because "defendants filed an answer[], denied liability, and . . . asserted

affirmative defenses," they sufficiently "placed all material facts in th[e] case in dispute."  *Id.*

Accordingly, there was "no basis" for the motion, and the Chief Judge denied it.  *Id.*

In the same vein, Plaintiff's assertion here that Defendants have "not explained the basis

for their laches, ripeness, entire fairness and standing defenses, much less established them" is

entirely without merit.[6]  D.I. 35, Pl. Mem., at 8.  Simply put, Defendants do not need to explain

---

[6] Plaintiff cites *Sanders v. Wang*, No. 16640, 1999 WL 1044880 (Del. Ch. Nov. 8, 1999) and two
other cases for the contention that Defendants' affirmative defenses of ripeness and lack of injury
"make no sense."  D.I. 35, Pl. Mem., at 8.  This contention is incorrect, and, in fact, the cases

or establish affirmative defenses, because, as this Court has held, all they must do is "give fair

notice of the issue involved." *Internet Media Corp. v. Hearst Newspapers, LLC*, Civ. No. 10-

690-SLR, 2012 WL 3867165, at \*3 (D. Del. Sept. 6, 2012) (Robinson, J.) (denying a motion to

strike affirmative defenses where defendant has "not provided any factual details regarding its"

affirmative defenses). Indeed, to overcome a motion for judgment on the pleadings, a Defendant

need "merely state, not show, an affirmative defense." *Id.*; *Hansen v. R.I.'s Only 24 Hour Truck

& Auto Plaza, Inc.*, 287 F.R.D. 119, 122 (D. Mass. 2012) (defendants' affirmative defense,

which stated only that they "deny that plaintiff acted in good faith in undertaking his duties under

the Agreement, *inter alia,* to seek financing" was enough to preclude plaintiff's motion for

judgment on the pleading). Defendants' affirmative defenses thus raise a genuine issue of fact

and preclude Plaintiff's motion.

In sum, Defendants here have denied "facts material to Plaintiff's claim," denied liability,

denied Plaintiff's "core contention" that the stock awards violated the Plan, and asserted

affirmative defenses. These contentions "are sufficient to place all material facts in this case in

dispute," and Plaintiff's Motion must be denied accordingly. *See Patterson*, 2013 WL 1904892,

at \*4; *Rainier*, 2012 WL 752371, at \*2.

**B.      In Light of Defendants' Denials, Plaintiff's Interpretation of the 2012 Proxy Must Be Viewed as False for the Purposes of This Motion**

Plaintiff claims that Defendants admit in Paragraph 28 of their Answers that "the Board

intended the December 2011 awards to Zhang and Liu to qualify as tax-deductible 'Performance-

Based Compensation.'" D.I. 35, Pl. Mem., at 5, 7. Plaintiff's characterization here is entirely

---

Plaintiff cites actually support Defendants' position. All three involved motions to dismiss, and
rather than enunciating an "axiom," they simply held that, "when drawing all inferences in
plaintiff's favor" the allegations were sufficient to survive a motion to dismiss. *Sanders*, 1999
WL 1044880, at \*10. Here, all inferences are drawn in Defendants' favor.

without support.   Indeed, Defendants' Answers expressly deny the factual allegations of

Paragraph 28, and *all similar allegations*.[7]   Yet, despite these denials, Plaintiff argues that the

"dispositive fact here is that the Board has admitted that grants to Zhang and Liu were intended

to qualify as Performance-Based Compensation." D.I. 35, Pl. Mem., at 8.  Plaintiff is wrong.

The "admission" Plaintiff points to is nothing more than an erroneous interpretation of

language from the 2012 Proxy, an interpretation which, because of Defendants' denials, is

afforded no weight for purposes of this Motion.

In his Complaint, Plaintiff quotes the following excerpt from the Proxy:

> Section 162(m) of the IRC generally disallows a tax deduction to public
> companies for compensation in excess of $1 million paid to a company's chief
> executive officer, chief financial officer or any of the three most highly
> compensated executive officers.  Certain performance-based compensation,
> however, is exempt from the deduction limit.  Our Compensation Committee has
> considered the potential impact of Section 162(m) of the IRC on the
> compensation paid to our executive officers. It is our Compensation Committee's
> intention that, so long as it is consistent with its overall compensation objectives
> and philosophy, executive compensation will be deductible for U.S. federal
> income tax purposes. Awards issued under our stock incentive plans (including
> stock options, RSUs and PSUs) have been structured so that any taxable

---

[7] Specifically, Defendants Ding, et al.'s Amended Answer states:

> Defendants admit only that the allegations of Paragraph 28 selectively quote from
> and purport to summarize a portion of the 2012 Proxy, which speaks for itself, but
> deny any allegations inconsistent with the entirety of the 2012 Proxy and deny
> that Plaintiff has accurately summarized the 2012 Proxy.  To the extent Plaintiff's
> allegations state a legal conclusion, no answer is required; to the extent an answer
> is required, the allegations of Paragraph 28 are denied.

D.I. 31 ¶ 28.  And Defendant Zhang, et al.'s Answer states:

> Deny the allegations in Paragraph 28, except to the extent the allegations
> constitute legal conclusions to which no response is required.  Refer to AsiaInfo's
> Schedule 14A Proxy Statement, filed February 28, 2012 for its true and complete
> contents, state that it speaks for itself, and deny that Plaintiff has accurately or
> completely summarized it.

D.I. 30 ¶ 28.

compensation derived pursuant to the exercise of options granted under such plans should not be subject to these deductibility limitations.

D.I. 1, Compl., ¶ 28.

Plaintiff interprets the last sentence to mean that the stock options at issue "were intended to qualify as tax deductible 'Performance-Based Compensation.'" *Id.*; D.I. 35, Pl. Mem., at 2. But Plaintiff's interpretation cannot overcome the standard of review governing this motion. *See, e.g., Patterson*, 2013 WL 1904892, at *4 (defendant's denial of "core contention" that Plaintiff was entitled to tax refund mandated court's denial of plaintiff's motion for judgment on the pleadings). Because Defendants denied that the options granted to Messrs. Zhang and Liu were "Performance-Based Compensation" or violated the terms of the Plan, Plaintiff's interpretation of this language must be viewed as false for purposes of this Motion. *First Am. Title*, 2012 WL 2365902, at *2.[8]

At most, Plaintiff's allegations merely establish a genuine issue of fact regarding whether the December 2011 stock options granted by the Compensation Committee to Messrs. Zhang and Liu were "Performance-Based Compensation," and thus in violation of the Plan. The Proxy language does not make that determination, and Plaintiff cannot credibly claim otherwise. Moreover, Plaintiff has not identified anything that indicates that the general policy of deductibility outlined in the Proxy was applied to these specific grants. Indeed, under the Plan, the Compensation Committee had broad discretion to award various types of grants that were not

---

[8] Furthermore, the sentence quoted by Plaintiff is boilerplate language that has appeared in nearly identical form in AsiaInfo's proxy statements since at least 2000. *See, e.g.,* AsiaInfo Holdings, Inc., Proxy Statement (Schedule 14A) (Sept. 15, 2000), Ex. C at 16; AsiaInfo Holdings, Inc., Proxy Statement (Schedule 14A) (Mar. 5, 2009), Ex. D at 20. Plaintiff fails to explain how such language, which has appeared in proxies for at least 10 years before the grants were issued to Messrs. Zhang and Liu, was an unequivocal admission that those specific grants from December 2011 were intended to be Performance-Based.

"Performance-Based." Plan §§ 3.2, 6.2.[9] His complaint contains no allegations relating to the Board's deliberations concerning the grants, nor does he point to any documents or statements that specifically designate what type of grants were actually issued. Given Defendants' denials, only discovery can resolve this critical case-dispositive issue. Accordingly, genuine issues of material fact remain in dispute, and Plaintiff's Motion must be denied. *See Allstate*, 667 F.3d at 390.

> C.    ***Sanders v. Wang* is Distinguishable From the Case at Bar and Does Not Support Plaintiff's Motion**

Finally, Plaintiff's reliance on *Sanders v. Wang* is misplaced. No. 16640, 1999 WL 1044880 (Del. Ch. Nov. 8, 1999). Contrary to Plaintiff's assertions, Section 4.2 of the Plan is not "just like" the share limit in *Sanders*. D.I. 35, Pl. Mem., at 6. In *Sanders*, the share limitation at issue was an overall limit of 6 million *total* shares that could be awarded under the plan. 1999 WL 1044880, at *2 n.3, *7. Here, the Plan contains a similar overall limit, but that provision is not at issue. *See* Plan § 4.1 (imposing an overall limit of 7,501,752 shares). Instead, Plaintiff has alleged that the awards issued to Messrs. Zhang and Lui violated the Plan's limits for "Performance-Based Compensation"—not the overall Plan limit.

Most importantly, unlike in *Sanders* where both parties moved for judgment on the pleadings, material facts here remain in dispute. In *Sanders*, the plan contained a clear overall share limit, and the defendants did not dispute that they awarded more shares than were allowed under that provision. Instead, the *Sanders* defendants argued that their violation of the plan limit

---

[9] Under Section 3.2 of the Plan the Compensation Committee has "exclusive authority, in its discretion, to determine all matters relating to Awards under the Plan, including . . . the type of Awards" granted. And under Section 6.1 of the Plan, the Compensation Committee has discretion "to determine the type or types of Awards to be made under the Plan. Such Awards may include, but are not limited to, Incentive Stock Options, Nonqualified Stock Options, Restricted Stock Awards, Restricted Stock Unit Awards, Performance Share Awards, Performance Unit Awards and Other Stock-Based Awards."

was irrelevant because they had discretion to alter the plan.[10]  Here, the provision of the Plan

challenged by Plaintiff *only* applies to "Performance-Based Compensation."   Furthermore,

Defendants have *denied* that the awards granted to Messrs. Zhang and Liu were "Performance-

Based," and have argued that those awards did not violate the Plan's limit on "Performance-

Based Compensation."  While the court in *Sanders* could easily determine whether the awards

violated the plan by merely looking at the number of options awarded, here it is not possible to

conclusively determine which categories of compensation were awarded without first allowing

discovery.   In sum, *Sanders* is therefore highly distinguishable, and in no way saves Plaintiff's

meritless Motion.

## CONCLUSION

For the foregoing reasons, the Individual Defendants respectfully request that Plaintiff's

Motion for Judgment on the Pleadings be denied in its entirety.

---

[10] Plaintiff also argues that the Compensation Committee's discretion in interpreting the Plan is irrelevant to its current Motion because the "dispositive fact here is that the Board has admitted that the grants . . . were intended to qualify as Performance-Based Compensation." D.I. 35, Pl. Mem., at 8.  As discussed above, Defendants denied this fact.  Furthermore, contrary to Plaintiff's assertion, *Sanders* is not "on point" regarding this discretion; the discretion here is to determine the nature of the award (*i.e.* whether it is Performance-Based or not).  Defendants do not claim, as defendants in *Sanders* did, that their discretion allows them to violate the plain language of the Plan.  *See id.*

- 13 -

OF COUNSEL:

DECHERT LLP
David H. Kistenbroker
Joni S. Jacobsen
Mayer B. Grashin
77 West Wacker, Suite 3200
Chicago, Illinois 60601
Tel: (312) 646-5800
Fax: (312) 646-5858
david.kistenbroker@dechert.com
joni.jacobsen@dechert.com

OF COUNSEL:

WEIL, GOTSHAL & MANGES LLP
Joseph S. Allerhand
Paul A. Ferrillo
David J. Schwartz
767 5th Avenue
New York, NY 10153
(212) 310-8000
joseph.allerhand@weil.com
paul.ferrillo@weil.com
david.schwartz@weil.com

POTTER ANDERSON & CORROON LLP

By:  /s/ *Arthur L. Dent*

Arthur L. Dent (Bar No. 2491)
1313 North Market Street, 6th Floor
Post Office Box 951
Wilmington, DE 19899
Tel: (302) 984-6189
Fax: (302) 658-1192
adent@potteranderson.com

*Attorneys for Defendants Jian Ding, Libin Sun,
Sean Shao, Yungang Lu, Davin Mackenzie,
Thomas Manning, Suning Tian, and Xiwei
Huang*

SEITZ ROSS ARONSTAM & MORITZ LLP

By:  /s/ *Bradley R. Aronstam*

Collins J. Seitz, Jr. (Bar No. 2237)
Bradley R. Aronstam (Bar No. 5129)
Benjamin J. Schladweiler (Bar No. 4601)
100 S. West Street, Suite 400
Wilmington, DE 19801
(302) 576-1600
cseitz@seitzross.com
baronstam@seitzross.com
bschladweiler@seitzross.com

*Attorneys for Defendants Steve Zhang and
Guoxiang Liu*

Dated:  November 8, 2013
1129487