IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PHILIP HALPERT, derivatively on behalf of ASIAINFO-LINKAGE, INC, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civ. No. 12-1339-SLR |
| STEVE ZHANG, JIAN DING, LIBIN SUN, SEAN SHAO, YUNGANG LU, DAVIN A. MACKENZIE, THOMAS J. MANNING, SUNING TIAN, XIWEI HUANG, and GUOXIANG LIU, | ) ) ) ) ) ) ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| ASIAINFO-LINKAGE, INC., a Delaware Corporation, | ) ) ) | |
| Nominal Defendant. | ) ) ) | |

**MEMORANDUM**

At Wilmington this Ꮭth day of June, 2014, having reviewed plaintiff Philip

Halpert's ("Halpert") motion for judgment on the pleadings (D.I. 34) and the papers filed

in connection therewith, the court issues its decision based on the reasoning that

follows:

1. **Background**. Halpert, as a shareholder, initiated this action derivatively on

behalf of AsiaInfo-Linkage, Inc. ("AsiaInfo"), a Delaware corporation that sells

telecommunications software and information technology, on October 16, 2012. (D.I. 1

at ¶¶ 9-10, 33)  Halpert alleges demand futility, a breach of fiduciary duty, waste of corporate assets, and unjust enrichment.  Defendants include the members of AsiaInfo's board of directors ("Board") and three of AsiaInfo's executives.  (Id. at ¶¶ 37, 45, 51, 56)  AsiaInfo's Board has nine members, defendants Jian Ding ("Ding"), Xiwei Huang ("Huang"), Yungang Lu ("Lu"), Davin A. Mackenzie ("Mackenzie"), Thomas J. Manning ("Manning"), Sean Shao ("Shao"), Libin Sun ("Sun"), Suning Tian ("Tian"), and Steve Zhang ("Zhang").  (Id. at ¶¶ 11-19)  Zhang is the President and CEO of AsiaInfo, Sun is the Executive Co-Chairman, and defendant Guoxiang Liu ("Liu") is the Executive Vice President (collectively with the Board, "defendants").  (Id. at ¶¶ 11, 13, 20)

2.  On February 19, 2011, the Board adopted the 2011 Stock Incentive Plan ("the Plan"), which "authorizes the [c]ompany to grant restricted stock awards, stock options, and other types of equity awards to the [c]ompany's executive officers, directors, and other employees."  (Id. at ¶ 22)  The shareholders approved the Plan on April 21, 2011.  (Id.)  Grants under the Plan are determined by the compensation committee.  (Id. at ¶ 23)  At the relevant time, directors Ding, Mackenzie, Tian, and Shao were on the compensation committee.  (Id. at ¶ 21)

3.  On December 6, 2011, the compensation committee granted 750,000 stock options to Zhang and 110,000 stock options to Liu, ostensibly under the Plan.  (Id. at ¶ 24)  Halpert alleges that these actions directly contradicted Section 4.2 of the Plan, which states that "no individual may be granted within any one fiscal year of [AsiaInfo] one or more [a]wards intended to qualify as Performance-Based Compensation which in the aggregate are for more than (a) 100,000 shares . . . [or] up to 200,000 shares . . . to

2

newly hired or newly promoted individuals . . . ." (*Id.* at ¶ 26)  The Plan defines performance-based compensation as that which satisfies § 162(m) of the Internal Revenue Code ("IRC"), which generally disallows a tax deduction to public companies for compensation in excess of $1 million, but carves out an exception for performance-based compensation. (*Id.* at ¶ 28)  Furthermore, the 2012 Proxy Statement states that "[a]wards issued under [AsiaInfo's] stock incentive plans (including stock options . . .) have been structured so that any taxable compensation derived . . . should not be subject to . . . deductibility limitations" under § 162(m) of the IRC. (*Id.*; D.I. 35, ex. B; D.I. 45, ex. D)  Halpert avers that the grants to Zhang and Liu exceeded the Board's authority and harmed AsiaInfo and its shareholders. (D.I. 1 at ¶¶ 30, 32)

4. Defendants' motion to dismiss (D.I. 10) was denied on August 7, 2013. (D.I. 21)  Defendants Ding, Huang, Lu, Mackenzie, Manning, Shao, Sun, and Tian answered Halpert's complaint on September 5, 2013 (D.I. 26), and later submitted an amended answer. (D.I. 31)  Nominal defendant AsiaInfo answered Halpert's complaint on September 19, 2013 (D.I. 27), and defendants Zhang and Liu answered on September 26, 2013. (D.I. 30)  Currently before the court is Halpert's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (D.I. 34)

5. **Standard**.  When deciding a Rule 12(c) motion for judgment on the pleadings, a district court must view the facts and inferences to be drawn from the pleadings in the light most favorable to the non-moving party. *Green v. Fund Asset Mgmt., L.P.*, 245 F.3d 214, 220 (3d Cir. 2001); *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 406 (3d Cir. 1993).  The motion can be granted only if no relief could be afforded under any set of facts that could be provided. *Turbe v. Gov't of the Virgin*

3

*Islands*, 938 F.2d 427, 428 (3d Cir. 1991); *see also Southmark Prime Plus, L.P. v. Falzone*, 776 F. Supp. 888, 891 (D. Del. 1991); *Cardio-Medical Associates, Ltd. v. Crozer-Chester Medical Ctr.*, 536 F. Supp. 1065, 1072 (E.D. Pa. 1982) ("If a complaint contains even the most basic of allegations that, when read with great liberality, could justify plaintiff's claim for relief, motions for judgment on the pleadings should be denied."). However, the court need not adopt conclusory allegations or statements of law. *In re General Motors Class E Stock Buyout Sec. Litig.*, 694 F. Supp. 1119, 1125 (D. Del. 1988). Judgment on the pleadings will only be granted if it is clearly established that no material issue of fact remains to be resolved and that the movant is entitled to judgment as a matter of law. *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290 (3d Cir. 1988).

6. **Discussion**. Halpert alleges that in granting Zhang and Liu each more than 100,000 shares of stock options in December 2011, the Board exceeded an unambiguous limitation on its authority under the Plan. (D.I. 1 at 3, 25-26, 30, 38; D.I. 35, ex. A) Halpert argues that since Section 4.2 of the Plan is clear and unambiguous, its plain meaning should be enforced. (D.I. 35 at 5-7) Moreover, Halpert cites the 2012 Proxy Statement as a clear indication that the Board intended the 2011 stock options to Zhang and Liu to qualify as performance-based compensation under the Plan. (*Id.* at 7)

7. "Defendants do not dispute that the annual ceiling on performance-based stock options per individual is 100,000 shares." (D.I. 20 at 9) However, defendants deny Halpert's core contentions that the December 2011 stock options granted to Zhang and Liu were intended to qualify as performance-based compensation (D.I. 30 at ¶¶ 28-29; D.I. 31 at ¶¶ 28-29) and that the stock options were in excess of the Plan. (D.I. 30 at ¶¶

4

30, 38; D.I. 31 at ¶¶ 30, 38)  Also, defendants deny Halpert's interpretation of the 2012 Proxy Statement.  (D.I. 30 at ¶¶ 28; D.I. 31 at ¶¶ 28; D.I. 45 at 10)  As such, the central issue is not whether Section 4.2 of the Plan is unambiguous, but rather whether the stock options granted to Zhang and Liu were "intended to qualify as Performance-Based Compensation" and thus subject to the express limitation in Section 4.2 of the Plan.  (D.I. 35, ex. A)

8. In denying defendants' motion to dismiss for failure to state a claim (D.I. 20; D.I. 21), the court accepted all well-pleaded factual allegations in the complaint as true, and viewed them in the light most favorable to Halpert. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002); *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).  In determining Halpert's motion for judgment on the pleadings, the court must now draw all reasonable inferences in favor of defendants. *See Turbe*, 938 F.2d at 428.  Defendants' denials, discussed above, must be accepted as true and demonstrate that a material issue of fact remains to be resolved. *See Rainier v. Rispoli*, Civ. No. 10-498-GMS, 2012 WL 752371, at *2 (D. Del. Mar. 6, 2012); *Sanders v. Wang,* Civ. No. 16640, 1999 WL 1044880 at *10 (Del. Ch. Nov. 8, 1999) (The court granted plaintiffs' partial judgment on the pleadings in the form of a constructive trust for shares granted in excess of the shareholder-approved plan; however, the court "dr[ew] no conclusion whether these acts were breaches of the duty of care or duty of loyalty or whether they resulted from negligent or grossly negligent conduct.").

9. **Conclusion.** For the foregoing reasons, Halpert's motion for judgment on the pleadings is denied. An appropriate order shall issue.

United States District Judge

6